IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWNDALE D. SAUNDERS,

        Plaintiff,

                                                                            Civil Action No. 5:10cv86
v.                                                          Criminal Case No. 5:08cr26
                                                                            (Judge Stamp)

UNITED STATES OF AMERICA,

        Defendants.

**OPINION/REPORT AND RECOMMENDATION**

On August 24, 2010, the *pro se* petitioner filed a "Motion to Vacate, Set Aside or Correct Sentence Under § 2255." This case is before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

**I. Procedural History**

**A. Conviction and Sentence**

Petitioner and his co-defendant, Joseph King, were arrested on a federal criminal complaint on March 28, 2008 for aiding and abetting each other in the possession of marijuana with the intent to distribute. [Dckt 1]. On April 1, 2008, a Grand Jury indicted both defendants on the same charge. [Dckt. 11].They both pleaded not guilty at the arraignment, and the matter proceeded toward trial.

Prior to trial, petitioner filed a motion *in limine* regarding the admission or reference to money seized from him or to money in his bank accounts. Petitioner also filed a motion to dismiss for insufficient evidence. The District Court denied both of petitioner's motions. [Dckt 104]. Further, defendant King moved to suppress statements he made at the time of the arrest, which the District

Court granted. [Dckt 89]

In early October 2008, both the petitioner and defendant King agreed to a joint plea agreement. [Dckt 185] The plea agreements were dependent on each other, and if one defendant withdrew from the agreement, the other was precluded from going forward. [Dckt 185] During the petitioner's plea hearing on October 8, 2009, the petitioner withdrew his plea. [Dckt 185] Both he and defendant King proceeded to trial, and were convicted on the single count of the indictment. [Dckt 190] The District Court sentenced petitioner to 100 months imprisonment and four years supervised release on January 30, 2009. [Dckt 192]

**B.  Direct Appeal**

Petitioner filed a notice of appeal on October 29, 2008. Petitioner's grounds for appeal included insufficient evidence and the inclusion of the United States' rebuttal evidence. The Fourth Circuit Court of Appeals affirmed the conviction. Petitioner then filed a Writ of Certiorari with the United States Supreme Court, which was denied.

**C.  Federal Habeas Corpus**

In his federal habeas petition, the petitioner raises the following grounds for relief:

(1) insufficient evidence to support petitioner's conviction;

(2) inclusion of the United States' rebuttal evidence not used in its case and chief; and

(3) ineffective assistance of counsel for

>(a) failure to object to the United States' use of suppressed evidence in closing argument;
>
>(b) employing a joint defense;
>
>(c) failure to object to the United States' improper remarks during closing arguments that violated both his Fourteenth and Fifth Amendment rights.

(d) making an admission to the petitioner's intent, an essential element of the crime alleged.

## II. Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 (E.D.Va Jan. 4, 2006).

**A. Insufficient Evidence to Support Conviction and Admission of Rebuttal Testimony**

Petitioner's first two grounds regarding sufficiency of the evidence and the District Court's decision to admit rebuttal evidence are barred. An issue previously "raised and decided" on direct appeal cannot be relitigated under a § 2255 Motion to Vacate if the appellate court resolved the issues on the merits. U.S. v. Linder, 561 F.3d 339, 343 (4th Cir. 2009)(citing U.S. v. Davis, 406 F.3d 505 (8th Cir. 2005)).

Petitioner states in his Motion to Vacate [Dckt 223] that he raised both issues on direct appeal in the United States Court of Appeals for the Fourth Circuit, which subsequently affirmed the District Court verdict. [Dckt 199]. Petitioner also filed a Petition for a Writ of Certiorari in the United States Supreme Court regarding the same issues, but cert was denied. Saunders v. U.S., 130 U.S. 2118 (2010).

In a per curiam opinion, the Fourth Circuit Court of Appeals reviewed petitioner's claims on

the merits, and denied him relief on both claims. [Dckt 199]. Because both of these issues were previously "raised and decided" on direct appeal, both are barred from reconsideration. Davis v. United States, 417 U.S. 333 (1974); Boeckenhaupt v. United States, 537 F. 2d 1182 (4th Cir. 1976).

**B.    Ineffective Assistance of Counsel**

The remaining grounds for petitioner's § 2255 Motion to Vacate involve alleged instances of ineffective assistance of counsel. In this ground, the petitioner asserts that counsel was ineffective in four ways:

(1) failure to object to the United States' use of suppressed evidence in closing argument;

(2) employing a joint defense;

(3) failure to object to the United States' improper remarks during closing arguments that violated both his Fourteenth and Fifth Amendment rights.

(4) making an admission to the petitioner's intent, an essential element of the crime alleged.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness."  Strickland at 688.  The second prong requires the petitioner to show that the deficient performance prejudiced the defense.  *Id.* at 687.  In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart v. Fretwell, 506 U.S. 364 (1993).

First, petitioner claims that during closing arguments, the United States used a statement

4

made by co-defendant King that had been suppressed, and petitioner's counsel failed to object. A review of the record reveals that the United States did not introduce the statement during closing argument. [Dckt 189 Trial Tr.] As a result, petitioner's counsel had nothing to object to. Petitioner's claim has no merit, and his claim must fail.

Next, petitioner complains of the joint defense tactic employed by his counsel; however, petitioner does not allege any grounds for this complaint. Proceeding jointly is a strategic decision belonging to counsel, and without more specific grounds, petitioner's claim has no merit. Furthermore, petitioner offers no evidence and fails to identify any deficiency in regard to the joint defense tactic; in particular, petitioner does not allege that he even requested a severed trial. As a result, petitioner's claim has no merit, and it must fail.

Petitioner further alleges that his counsel failed to object to the improper remarks made by the United States during it's rebuttal to petitioner's closing argument that violated his constitutional rights and mislead the jury. The specific remarks petitioner refers to are as follows: "There is one easy logic in this case. There is one unquestioned fact in this case that neither the defendants have either disputed in their closing: that a package came from Arizona to 1068 full of marijuana. Let's start with that one given." [Dckt. 189 Trial Tr. at 699].

A review of the record reveals that the United States merely offered an alternative argument, and petitioner's counsel had no objection to raise. Petitioner's claim is without merit, and the claim must fail.

Finally, petitioner asserts that his counsel improperly made an admission to an essential element during closing argument. The specific remarks petitioner refers to are as follows:

There is absolutely nothing to tie either man, Mr. King or Mr. Saunders, to Arizona.

5

> There are no airline tickets. There are no boarding passes. There are no itineraries. There are no e-mails. There are no texts. There are no phone calls. There are no wire transfers. There is nothing.
>
> I believe Mr. Parr indicated that it was heavily and professionally sealed, but what evidence did the government give you that Defendant Saunders or Defendant King sealed this package or made any arrangements to have this package delivered? None. To aid and abet someone you must do something to help them along with what they are trying to do. What is trying to be done here is possession with intent to deliver marijuana. I have already gone over possession. Where is the intent to distribute?

[Dckt. 189 Trial Tr. at 682-683].

Read in context, the remark about which petitioner complains is not an admission and could not have mislead the jury. Petitioner's ineffective assistance of counsel claim regarding this comment has no merit, and the claim must fail.

On the basis of the four grounds asserted, petitioner's counsel was reasonably effective and petitioner suffered no prejudice as a result of any of the claims alleged. None of petitioner's grounds for asserting an ineffective assistance of counsel claim pass muster under Strickland because all of the claims are without merit and should be dismissed.[1]

### III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's § 2255 motion [Dckt 223] **be DENIED** and **DISMISSED** with prejudice.

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party shall file with the Clerk of the Court written objections identifying those

---

[1] The undersigned notes that should the petitioner argue cumulative error based on his four grounds of ineffective assistance of counsel, a cumulative-error analysis is neither necessary nor appropriate in this case because "cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error." Fisher v. Angelone, 163 F.3d 835, 853 n. 9 (4th Cir. 1998). In this case, the Court has not found any individual constitutional errors, therefore, there is no need for a cumulative-error analysis.

portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections also shall be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 17, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE