IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWNDALE D. SAUNDERS,

        Petitioner,

v.                                  Civil Action No. 5:10CV86
                                       (Criminal Action No. 5:08CR26)
UNITED STATES OF AMERICA,                   (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

Currently pending before this Court is the report and recommendation of United States Magistrate Judge John S. Kaull on the disposition of the petition of Shawndale D. Saunders ("Saunders") to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The petitioner, who is appearing pro se,[1] seeks to have his sentence vacated, set aside or corrected because, he contends, there is insufficient evidence to support his conviction, the trial court erred in allowing rebuttal evidence offered by the United States, and because he received ineffective assistance of counsel during the prosecution of his case.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

On March 28, 2008, the petitioner and his co-defendant, Joseph King, were arrested on a federal criminal complaint for aiding and abetting each other in the possession of marijuana with the intent to distribute. A grand jury indicted both defendants on the same charge, and both defendants pleaded not guilty at the arraignment. In October 2008, both the petitioner and King agreed to a joint plea agreement. The petitioner withdrew his plea during the plea hearing on October 8, 2009, which precluded defendant King from going forward with his plea agreement. Both defendants then proceeded to trial and were convicted on the single-count indictment.

On October 29, 2008, the petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. His grounds for appeal included insufficient evidence and the inclusion of the United States' rebuttal evidence. The Fourth Circuit affirmed the petitioner's conviction. The petitioner then filed a writ of certiorari with the United States Supreme Court, which was denied.

Subsequently, the petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The petition asserts: (1) there is insufficient evidence to support the petitioner's conviction; (2) the trial court erred in allowing the United States' rebuttal evidence; and (3) the petitioner's counsel was ineffective. With regard to the ineffective assistance of

counsel claim, the petitioner argues that his counsel failed to object to the United States' use of suppressed evidence in closing argument, wrongfully employed a joint defense, failed to object to the United States' improper remarks during the closing argument, and improperly admitted the petitioner's intent.

The government filed a response, arguing that the Fourth Circuit has already decided on direct appeal the same issues raised by the petitioner in his § 2255 petition. Therefore, the government argues, these claims are barred and must be denied. Further, the government contends that the defendant cannot demonstrate that his counsel made any error. In his reply, the petitioner reiterates the claims set forth in his § 2255 petition.

The petitioner then filed a motion to amend his § 2255 petition in order to add additional grounds. Magistrate Judge Kaull granted the petitioner's motion to amend and the petitioner filed his amended motion that same day. The government filed a response to the amended motion on November 3, 2010. In this response, the United States contends that the petitioner's claims for ineffective assistance of counsel are without merit on either the facts or the law. The petitioner then filed another reply reiterating his ineffective assistance of counsel argument.

Magistrate Judge Kaull issued his report on June 17, 2011, recommending that the § 2255 petition be denied and dismissed with prejudice because the petitioner's claim of insufficient evidence

3

was previously raised on direct appeal and therefore barred from reconsideration. The magistrate judge also held that the petitioner's counsel was reasonably effective. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they may file written objections within fourteen days after being served with a copy of the recommendation. The petitioner filed objections to the report and recommendation on June 29, 2011, again asserting that his counsel was ineffective. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the petitioner's objections and affirm and adopt the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed timely objections, this Court reviews de novo the magistrate judge's report and recommendation.

III. <u>Discussion</u>

A. <u>Insufficient Evidence to Support Conviction and Admission of Rebuttal Testimony</u>

The petitioner contends that there is insufficient evidence to support his conviction and that the trial court erred in allowing rebuttal evidence offered by the United States. In response, the government argues that the petitioner is merely attempting to relitigate the exact issues raised on his behalf on direct appeal. A review of the record reveals that on appeal, the Fourth Circuit considered the petitioner's challenges to the sufficiency of the evidence and this Court's admission of rebuttal evidence concerning his banking records. (Doc. 198.) Viewing the evidence and drawing inferences most favorable to the government, the Fourth Circuit held that "a reasonable juror certainly could have found the Defendants guilty." Additionally, the Fourth Circuit found that the government's rebuttal evidence was both relevant and properly introduced. Thus, the Fourth Circuit held that this Court did not abuse its discretion in permitting the jury to consider it.

Fourth Circuit case law "forecloses relitigation of issues expressly or impliedly decided by the appellate court." <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974);

Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that issues which had previously been decided on direct appeal could not be relitigated under the guise of a collateral attack). Accordingly, this Court agrees that because both of these issues were previously raised and decided on direct appeal, they are procedurally barred from reconsideration.

In his objections, the petitioner acknowledges that an issue previously raised and decided on direct appeal cannot be relitigated in the form of a § 2255 motion. Nevertheless, the petitioner objects to the magistrate judge's findings regarding his first two claims. The petitioner, however, goes only so far as to state that he seeks to exercise his right to object. He does not provide any facts or argument in support of his objection. Thus, the petitioner's objections do not change this Court's conclusion that his first two claims are barred.

B.  Ineffective Assistance of Counsel

Next, the petitioner asserts that his counsel was ineffective in four ways: (1) counsel failed to object to the United States' use of suppressed evidence in closing argument; (2) counsel employed a joint defense; (3) counsel failed to object to the United States' improper remarks during closing arguments that violated his Fourteenth and Fifth Amendment rights; and (4) counsel admitted the petitioner's intent, an essential element of the crime alleged. In response, the government contends that the petitioner

cannot demonstrate that counsel made any error, let alone one which could be considered serious.

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to relief based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

First, the petitioner claims that during closing arguments, the United States used a statement made by co-defendant King that had been suppressed, and petitioner's counsel failed to object. The record reveals, however, that the United States did not introduce any suppressed statement during closing argument. In his objections, the petitioner provides an incorrect citation to the trial transcript, but no details as to which suppressed statement of King's was allegedly introduced in closing argument. Thus, this Court agrees that the petitioner's claim must fail.

Next, the petitioner complains of the joint defense tactic employed by his counsel. The petitioner states that this joint defense prejudiced the plea, but he offers no evidence in support of this contention. Again, the petitioner objects to the government's position that this claim is without merit, but fails

7

to provide specific grounds for his objection.  As a result, the petitioner's claim lacks merit and must fail.

Third, the petitioner alleges that his counsel failed to object to the improper remarks made by the United States during its closing argument.  Specifically, the petitioner argues that the United States wrongfully suggested to the jurors that the petitioner had a duty to refute the government's case.  According to the petitioner, this was an improper comment on his right not to testify which suggested to the jury that he had an obligation to come forth with rebuttal evidence.  This Court disagrees with the petitioner's characterization of the government's comment.  A review of the record reveals that the United States was merely offering an alternative argument and that the petitioner's counsel had no objection to raise.  Thus, the petitioner's claim must fail.

Finally, the petitioner asserts that his counsel improperly admitted an essential element of the crime during closing argument.  In his objections, the petitioner contends that his attorney essentially stipulated to the element of intent, thereby relieving the United States of its duty to prove intent beyond a reasonable doubt.  The petitioner further alleges that his attorney's comments mislead the jury.  This Court agrees with the magistrate judge that when read in context, the comment about which the petitioner complains is not an admission.  Instead, the petitioner's counsel is arguing that the government has failed to prove intent to

distribute.  Contrary to the petitioner's assertions, this Court finds that his counsel did not admit intent during her closing argument and did not mislead the jury.  Because the petitioner has failed to overcome the presumption of effective assistance of counsel, these claims must be denied.

## IV. Conclusion

For the reasons stated above, this Court hereby OVERRULES the petitioner's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, it is ORDERED that the petitioner's § 2255 petition be DENIED and DISMISSED WITH PREJUDICE.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty (60) days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).

This Court finds that it is inappropriate to issue a certificate of appealability.  Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive

9

procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 3, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE